**Michael BRUNI II, Individually and as Administrator of the Estate of Lisa M. Bruni, Plaintiff, Appellant,**

**v.**

**UNITED STATES of America, et al., Defendants, Appellees.**

**No. 91–2004.**

United States Court of Appeals, First Circuit.

Heard Feb. 7, 1992.

Decided May 15, 1992.

**35.** Manual § 5K2.0, Grounds for Departure at     5.36.

Kenneth M. Levine, with whom Billet, Rigopoulos & Levine, Boston, Mass., was on brief, for plaintiff, appellant.

Paul G. Levenson, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for appellee U.S.

Before TORRUELLA, Circuit Judge, ALDRICH and BOWNES, Senior Circuit Judges.

TORRUELLA, Circuit Judge.

This is an appeal from a summary judgment entered by the District Court for the District of Massachusetts in favor of the Government, and against plaintiff-appellant, Michael Bruni II ("Mr. Bruni"), brother and administrator of the estate of Lisa M. Bruni ("Ms. Bruni"). Mr. Bruni brought an action under the Federal Tort Claims Act ("FTCA") to recover damages for the wrongful death of his sister, an employee of the United States Post Office. We dismiss this action on the ground of lack of jurisdiction by the district court.

**FACTS**

The following facts are undisputed. Lisa Bruni began working at the Winthrop–East Boston Machine Unit of the United States Postal Service in 1983. Some time prior to December 1987, a co-employee, Domenic Lupoli, began to sexually harass and verbally threaten Ms. Bruni. In December 1987 she complained about Mr. Lupoli's behavior to her union steward, Stephen Mahoney. Mr. Mahoney, with supervisors Kevin Barry and Julie Princiotto, held discussions with both Ms. Bruni and Mr. Lupoli. Mr. Lupoli denied any wrongdoing, but was advised of the agency's policy against sexual harassment and warned that conduct of the sort complained by Ms. Bruni would not be tolerated.

No further official action was taken by any party, including Ms. Bruni. During the next six months neither Ms. Bruni's supervisors, nor her union shop steward received any further complaint about the problem with Mr. Lupoli. Ms. Bruni never filed a formal grievance or complaint with respect to Mr. Lupoli's alleged behavior.

While on their workshift the night of June 27–28, 1988, Mr. Lupoli threatened to "take care of her." [1] In the early morning of June 28, Ms. Bruni promptly informed both Ms. Princiotto and Mr. Mahoney of this threat. After meeting with Mr. Mahoney she prepared a four-page statement outlining the course of Mr. Lupoli's harassment. Ms. Bruni's statement makes clear that she was very concerned for her safety and the safety of her co-workers, and requested that "preventive measures" be taken. A copy of the statement was given to Ms. Princiotto, and Mr. Barry on the morning of the 28th. Ms. Princiotto and Mr. Barry added cover memos to the statement, which Mr. Barry then showed to Mr. Mahoney and Ms. Bruni. Both Mr. Mahoney and Ms. Bruni stated that they were satisfied with the cover memos and with the action being taken. Later, on the morning of June 28, Mr. Mahoney also met with Mr. Lupoli. Mr. Barry then put Ms. Bruni's statement and the comments on it on the desk of the facility manager, Michael Ber-

---

1. Plaintiff's Exhibit B, p. 2.

tolino. Also, the last paragraph of the statement indicates that a copy was being forwarded to the "Post Office Inspectional Services."

The next night, June 29, 1988, Ms. Bruni drove into the parking lot of the postal facility shortly before she was to begin work at 10:30 p.m. Mr. Lupoli met her there, brandishing a shotgun, fatally shot her several times in the chest and abdomen, and then killed himself.

On April 13, 1990, plaintiff, Michael Bruni, submitted an administrative tort claim to the Postal Service, pursuant to 28 U.S.C. § 2672. The claim was denied on July 20, 1990.

Mr. Bruni sued both the Government and the Postal Union on numerous counts sounding in tort, and on a claim for sex discrimination under 42 U.S.C. §§ 2000e–2(c), § 2000e–5 (against the Union) and § 2000e–16 (against the Government). He also sued the Union for sex discrimination pursuant to Mass.Gen.L. ch. 151B (1986), and for breach of contract for failing to adequately represent his sister. Both Title VII claims were dismissed by the district court, as the remedies sought by plaintiff were unavailable under Title VII. Also all tort claims against the Union were dismissed by the district court, leaving only the chapter 151B claim. The plaintiff does not appeal from those decisions.

Plaintiff appeals solely from the summary judgment granted to the Government on all claims brought against it under the FTCA. Mr. Bruni sued the government for (1) negligent failure to properly supervise and train its employees, agents, and/or representatives; (2) negligent failure to properly investigate and act upon Ms. Bruni's complaints; (3) negligence in hiring, retaining, and disciplining Mr. Lupoli; (4) negligent failure to provide a safe workplace; (5) negligent failure to transfer Ms. Bruni

to a safer work environment; (6) negligent breach of a duty of care; (7) willful and/or negligent infliction of pain and suffering; (8) wrongful death; and (9) negligent infliction of emotional distress.

## LEGAL ANALYSIS

### The Federal Employees Compensation Act

■■■ The Federal Employees Compensation Act, ("FECA"), 5 U.S.C. §§ 8101–8193, provides the exclusive avenue of redress for a federal employee's "injury sustained while in the performance of his[/her] duty." 5 U.S.C. § 8102. The liability imposed by FECA supplants all other liability (including tort liability under the FTCA or other statutes) on the part of the United States to an injured federal employee. *See Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 193–94, 103 S.Ct. 1033, 1036–37, 74 L.Ed.2d 911 (1983). This is so regardless of whether the claim is asserted by "the employee, his[/her] legal representative, spouse, dependents, next of kin, [or] any other person otherwise entitled to recover damages from the United States." 5 U.S.C. § 8116(c). However, the FECA only applies to a federal employee *injured on the job.* If the injury occurs when the employee is not on the job, then the FECA is not the exclusive remedy—or even the appropriate remedy.[2] *Griffin v. United States,* 703 F.2d 321, 322 (8th Cir.1983) (citing *Wallace v. United States,* 669 F.2d 947, 954 (4th Cir.1982) (when injury had nothing to do with employment, compensation is unavailable under FECA)).

■■■ An injured employee may not bring an action against the United States under the FTCA when there is a "substantial question as to whether or not the injury occurred in the performance of the employee's duty." *Wallace,* 669 F.2d at 951–52 (citation omitted); *Reep v. United States,*

---

**2.** The basic statutory requirements for eligibility for FECA compensation are as follows:

  (a) The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury *sustained while in the performance of his duty,* unless the injury or death is—

(1) caused by willful misconduct of the employee;
(2) caused by the employee's intention to bring about the injury or death of himself or of another; or
(3) caused by intoxication of the injured employee.
5 U.S.C. § 8102(a) (emphasis added).

557 F.2d 204, 207 (9th Cir.1977) (citations omitted); *Bailey v. United States*, 451 F.2d 963, 965 (5th Cir.1971) (citing *Somma v. United States*, 283 F.2d 149, 150–51 (3d Cir.1960)); *see also Daniels–Lumley v. United States*, 306 F.2d 769, 771 (D.C.Cir. 1962). The Secretary of Labor is vested with the power to "administer, and decide all questions arising under" the FECA and his action in denying or granting compensation is final and conclusive and may not be reviewed by a court of law.[3] 5 U.S.C. § 8128(b)(1) and (2) and § 8145; *see also Heilman v. United States*, 731 F.2d 1104, 1109 (3d Cir.1984) (if a claim is covered under FECA, then the federal courts have no subject matter jurisdiction to entertain the action); *Reep*, 557 F.2d at 207; *Bailey*, 451 F.2d at 965. Resolution of the coverage question has been entrusted to the Secretary of Labor. 5 U.S.C. § 8128(b). Thus, the employee must first seek and be denied relief under the FECA unless his/her injuries do not present a substantial question of compensability under that act. *Somma*, 283 F.2d at 150–51. A substantial question exists unless it is *certain* that the Secretary would not find coverage. Hence, we must determine if there is a substantial question as to whether Ms. Bruni's death, on June 29, 1988, was "sustained while in the performance of [her] duties" as a federal employee. 5 U.S.C. § 8102(a).

The Supreme Court has stated that workmen's compensation is not confined by common-law conceptions of scope of employment. *O'Leary v. Brown–Pacific–Maxon, Inc.*, 340 U.S. 504, 506, 71 S.Ct. 470, 471, 95 L.Ed. 483 (1951). According to the Court in *Brown–Pacific–Maxon*, the test of recovery is not a causal relation between the nature of employment of the injured person and the accident. *Id.* at 506–07, 71 S.Ct. at 471–72 (citing *Thom v.*

*Sinclair*, A.C. 127, 142 (1917)). Also, it is not necessary that the employee be engaged at the time of the injury in activity of benefit to his employer. *Id.* at 507, 71 S.Ct. at 472. Rather,

> [a]ll that is required is that the "obligations or conditions" of employment create the "zone of special danger" out of which the injury arose.

*Id.* (citation omitted). While *Brown–Pacific–Maxon* dealt with the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.*, appellate courts have used the test established therein to determine if a substantial question exists as to whether an employee's injury was sustained while in the performance of his/her duties and thus would be covered by worker's compensation. *See Wallace*, 669 F.2d at 952; *Bailey*, 451 F.2d at 967; *United States v. Udy*, 381 F.2d 455, 458 (10th Cir.1967). In determining whether or not the employee's injury arose from the "special zone of danger" created by her employment, and thus whether there is a substantial question of compensability under FECA, we must consider the totality of the circumstances surrounding the death of Ms. Bruni. *Bailey*, 451 F.2d at 967.

A look at a number of cases from other circuits on the same issue provides appropriate guidance in this case. In *Bailey*, *supra*, the Fifth Circuit determined that a federal employee who was injured after leaving her place of employment and while she was driving home did not present a substantial question of coverage under FECA. *Bailey*, 451 F.2d at 967–68. However, in the case of *Avasthi v. United States*, 608 F.2d 1059 (5th Cir.1979), the Fifth Circuit determined that when a federal employee was injured when he slipped and fell on the outside steps of a building,

---

**3.** FECA reads in pertinent part:
The Secretary of Labor shall administer, and decide all questions arising under, this subchapter. He may—
(1) appoint employees to administer this subchapter; and
(2) delegate to any employee of the Department of Labor any of the powers conferred on him by this subchapter.
5 U.S.C. § 8145.

The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—
(1) final and conclusive for all purposes and with respect to all questions of law and fact; and
(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.
5 U.S.C. § 8128(b).

80

while walking to his automobile, at the end of his assigned work shift, a substantial question existed about FECA coverage. *Avasthi*, 608 F.2d at 1061.

Moreover, in *Reep, supra,* a policeman at the Pearl Harbor Naval Base was struck by a truck while he was walking across the street in front of the police department before he was to go on duty. He filed a claim under the FTCA and the Government asserted the FECA defense. On appeal, the parties stipulated that if the claim had been presented to the Secretary of Labor, it would be compensated under FECA. The Ninth Circuit held that based on that stipulation there was a substantial question of FECA coverage. *Reep*, 557 F.2d at 208. Further, in *Daniels–Lumley, supra,* the District of Columbia Circuit affirmed the dismissal of an action by an employee of the Department of Agriculture against the United States in order to give the Secretary of Labor the primary opportunity to rule on the applicability of the FECA. *Daniels–Lumley*, 306 F.2d at 772. The employee's injuries in *Daniels–Lumley* were sustained in a fall on an icy sidewalk when she left the building where she was working to mail a personal letter. *Id.*

■ Here, Ms. Bruni was killed immediately after she parked her car in the employees' parking lot, on her way to start her workshift, but before she entered the building to which she was assigned. In addition, she was killed by a co-worker who had harassed her at the work place. Though there was no stipulation here by the parties as to FECA coverage, we find that the circumstances surrounding Ms. Bruni's death are significantly related to her employment.

Therefore we conclude only that there is a substantial question here as to whether Ms. Bruni's death was sustained while in the performance of her duties as a federal employee. Thus, the district court lacked subject matter jurisdiction as it cannot entertain a FTCA claim when there exists a substantial question as to whether Ms. Bruni's death was suffered while in the performance of her duties.

Accordingly, plaintiff's proper remedy is first to seek recovery from the Department of Labor which, by virtue of the FECA, has exclusive primary jurisdiction of compensation for injuries sustained by a government employee "in the performance of his[/her] duty." *Bailey*, 451 F.2d at 965. If the Secretary decides that there is coverage, then Mr. Bruni's course of action is to proceed with his administrative remedies under the FECA. If on the other hand, the Secretary determines that there is no FECA coverage, Mr. Bruni would still have recourse to the federal courts under the FTCA, assuming his action is commenced within six months of the date of mailing of notice of final denial of the claim by the Secretary of Labor. 28 U.S.C. § 2401(b).

*Dismissed for lack of jurisdiction.*