# United States Court of Appeals
## For the First Circuit

---

No. 06-1711

STEPHEN GILL; MICHELLE GILL,

Plaintiffs, Appellants,

v.

UNITED STATES OF AMERICA,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Selya and Lynch, Circuit Judges.

---

Wendy Sibbison on brief for appellants.
Jonathan H. Levy, Attorney, Appellate Staff, Civil Division,
Peter D. Keisler, Assistant Attorney General, Michael J. Sullivan,
United States Attorney, and Mark B. Stern, Attorney, Appellate
Staff, Civil Division, on brief for appellee.

---

December 1, 2006

---

**LYNCH**, <u>**Circuit Judge**</u>. This case involves an effort to evade the presentment and exclusive jurisdiction provisions of the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8121, 8128, and bring suit directly in federal court under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. Adhering to this court's earlier decision in <u>Bruni</u> v. <u>United States</u>, 964 F.2d 76 (1st Cir. 1992), we affirm the district court's dismissal of the FTCA claims.

## I.

In 2002, Stephen Gill, an attorney, moved his family to Florida to work for the United States Navy as a civilian attorney-advisor for what he understood would be a two-year period. Instead, he was given a series of short-term jobs and extensions, starting only forty-five days into the job. The job ended in January 2003, less than a year after it began. Gill and his wife in February 2004 filed claims under the FTCA with the Navy, alleging that they had suffered emotional distress but no physical injuries. The Navy responded that Gill needed instead to file a claim with the Secretary of Labor under the federal workers' compensation act, FECA. He refused to do so[1] and, after the six-month FTCA waiting period, the Gills brought suit in district court for negligent and intentional infliction of emotional distress and

---

[1] The record indicates that Gill failed to file a FECA claim within the three-year period provided by 5 U.S.C. § 8122(a).

loss of consortium, service, and marital society, seeking over $1 million in damages.

Relying on our decision in Bruni, the district court dismissed the action. On appeal, the Gills make two arguments attempting to distinguish Bruni. First, they argue that Gill was an independent contractor and not a federal employee for FECA purposes, and that this issue of status is for the court to determine. Their second argument is that the FTCA is the appropriate vehicle for claims for emotional damages absent physical injuries. We reject both arguments.

## II.

We review de novo the district court's ultimate legal conclusion on a motion to dismiss for lack of jurisdiction. Valentin v. Hosp. Bella Vista, 254 F.3d 358, 365 (1st Cir. 2001). We review for clear error the district court's findings of fact and its conclusions regarding mixed questions of law and fact. Id.

FECA is a federal workers' compensation scheme designed to provide redress for work-related injuries. The Act provides that "[t]he United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty."[2]  5 U.S.C. § 8102(a).

_____

[2]    There are exceptions to coverage if the injury or death is "(1) caused by willful misconduct of the employee; (2) caused by the employee's intention to bring about the injury or death of

-3-

Liability under FECA is "exclusive and instead of all other liability of the United States . . . to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages."  Id. § 8116(c).  The Act specifically excludes liability "under a Federal tort liability statute."  Id.  As the Supreme Court has explained:

> FECA's exclusive liability provision . . . was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity.  In enacting this provision, Congress adopted the principal compromise -- the "quid pro quo" -- commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.

Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94 (1983).

Most importantly, the Act provides that "[t]he Secretary of Labor shall administer, and decide all questions arising under, [FECA]."  5 U.S.C. § 8145 (emphasis added).  Further, the Act states that

> [t]he action of the Secretary or his designee in allowing or denying a payment under this subchapter is --

_____

himself or of another; or (3) proximately caused by the intoxication of the injured employee."  5 U.S.C. § 8102(a).

-4-

> (1) final and conclusive for all purposes and
> with respect to all questions of law and fact;
> and
>
> (2) not subject to review by another official
> of the United States or by a court by mandamus
> or otherwise.

Id. § 8128(b) (emphasis added). "FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." Sw. Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991) (quoting Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 780 & n.13 (1985)).

Accordingly, in Bruni this court held that a federal employee who brings tort claims against the United States "must first seek and be denied relief under the FECA unless his/her injuries do not present a substantial question of compensability under [FECA]." 964 F.2d at 79. We held that "[a] substantial question exists unless it is certain that the Secretary would not find coverage." Id. We also stated that "[i]n determining . . . whether there is a substantial question of compensability under FECA, we must consider the totality of the circumstances." Id.

The Gills argue that Bruni is not concerned with either the question whether a plaintiff is a federal employee or the question whether a particular type of injury is compensable under

FECA, and that these are questions for the courts, not the Secretary of Labor, to decide.[3]

In Bruni, there was no dispute whether the injured party had been a federal employee or an independent contractor; rather, the question was whether the injury was sustained while in the performance of the job. Id. at 79. Similarly, there was no issue in Bruni as to whether emotional distress claims are covered by FECA. Id. But these distinctions between Bruni and the instant case do not make any difference to the jurisdictional inquiry. The nature of the coverage determination made by the Secretary does not matter. The test when the injured party fails to seek relief under FECA is the same: whether "it is certain that the Secretary would not find coverage." Id.

With respect to their emotional distress argument, the Gills rely on Sheehan v. United States, 896 F.2d 1168 (9th Cir.), modified on other grounds, 917 F.2d 424 (9th Cir. 1990), to support

---

[3] The Gills argue that employment status is not a jurisdictional requirement for FTCA claims, and thus the district court should have resolved this issue in their favor under Rule 12(b)(6). This argument has no merit. Gill's status as either a federal employee or an independent contractor is pertinent to whether it is certain the Secretary would find coverage under FECA. This, in turn, relates to whether or not the district court had subject matter jurisdiction over the Gills' FTCA claims. The government's motion to dismiss was properly considered under Rule 12(b)(1). See Muniz-Rivera v. United States, 326 F.3d 8, 11 (1st Cir. 2003); see also Deniz v. Municipality of Guaynabo, 285 F.3d 142, 149 (1st Cir. 2002) ("When a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the former before broaching the latter.").

-6-

a distinction between questions concerning "coverage in and of itself"[4] and questions concerning FECA's "scope of coverage." Id. at 1174. The Gills argue that whether a claim is within the scope of FECA is a question that must be answered by federal courts, because it is one of jurisdiction. The Gills suggest that scope of coverage questions must be answered by federal courts regardless of whether there is a substantial question of FECA coverage.

First, Sheehan is inapposite. In Sheehan, the Secretary of Labor had already concluded that Sheehan's non-physical injuries were covered by FECA.[5] Id. at 1173. That case, unlike this one, did not concern whether a claim must be presented first to the Secretary.

Second, even if Sheehan stood for the proposition that a court, instead of the Secretary of Labor, may make an initial determination of uncertain coverage questions, we would reject Sheehan. That reasoning is inconsistent with both Bruni and the

---

[4] The Ninth Circuit noted that questions concerning "coverage in and of itself" address issues such as whether an injury occurred while an employee was at work and whether an injury occurred while plaintiff was an employee. Sheehan, 917 F.2d at 424.

[5] The Ninth Circuit nonetheless ruled that the Act authorizes compensation only for physical harm, and not for "emotional distress . . . divorced from any claim of physical harm." Sheehan, 896 F.2d at 1174. The court stated that because Sheehan's type of claim was not within FECA's scope of coverage, FECA was not her exclusive remedy, and the district court should not have dismissed Sheehan's FTCA claim for negligent infliction of emotional distress. Id. at 1173-74.

statutory assignment of these questions to the Secretary.  Bruni did not parse different types of coverage questions for the Secretary, and its logic prohibits such parsing.  Federal courts have subject matter jurisdiction over federal tort claims only when "it is certain that the Secretary would not find coverage [under the Act]."  Bruni, 964 F.2d at 79.  Further, the Ninth Circuit appears to have rejected the Gills' reading of Sheehan.  In a later case, the court confined Sheehan to cases where the plaintiff's claim "was not colorable under FECA as a matter of law."  Figueroa v. United States, 7 F.3d 1405, 1408 (9th Cir. 1993).

Bruni accords with the rule in other circuits.  Every circuit addressing the issue has held that federal courts lack jurisdiction to decide uncertain questions of FECA coverage.  Those questions are left to the Secretary.  See Tippetts v. United States, 308 F.3d 1091, 1094 (10th Cir. 2002) (holding that where there is a substantial question of coverage, the district court lacks jurisdiction pending a determination by the Secretary); Noble v. United States, 216 F.3d 1229, 1235 (11th Cir. 2000) (noting that FTCA action cannot be considered when there is a substantial question as to FECA coverage); White v. United States, 143 F.3d 232, 234 (5th Cir. 1998) ("Only if we are certain that the Secretary of Labor would conclude that the employee's injuries do not present a substantial question of coverage under FECA may we entertain the employee's FTCA claim without the employee first

-8-

submitting the claim to the Secretary of Labor."); <u>Figueroa</u>, 7 F.3d at 1408 (stating that <u>Sheehan</u> did not alter "the general rule that when a claim arguably falls under FECA, the question of coverage should be resolved by the Secretary"); <u>Heilman</u> v. <u>United States</u>, 731 F.2d 1104, 1110 (3d Cir. 1984) (stating that "where there is a 'substantial question' regarding FECA coverage, the federal courts will not entertain a claim"); <u>Wallace</u> v. <u>United States</u>, 669 F.2d 947, 951-52 (4th Cir. 1982) (adopting a rule that FTCA action cannot be filed unless plaintiff's injuries are "'clearly not compensable' under FECA").

On the record in this case, it is not certain that the Secretary would find that Gill was not a federal employee but was an independent contractor.[6]  Second, it is not certain that the Secretary would deny Gill's claim for emotional distress damages on the ground that such damages are unavailable under FECA.[7]

The United States submitted a declaration and memorandum of the Deputy Director for Federal Employees' Compensation, who had

---

[6]  Plaintiffs did not argue that Gill was an independent contractor before the district court, but make this argument on appeal.  The argument is waived, <u>see</u> <u>Grenier</u> v. <u>Cyanamid Plastics, Inc.</u>, 70 F.3d 667, 678 (1st Cir. 1995), and, in any event, must first be presented to the Secretary of Labor.

[7]  To the extent Ninth Circuit law may state that claims of emotional distress unaccompanied by physical injury do not present a substantial question of compensability under FECA, <u>see</u> <u>Moe</u> v. <u>United States</u>, 326 F.3d 1065, 1068 & n.11 (9th Cir. 2003); <u>Figueroa</u>, 7 F.3d at 1408; <u>Sheehan</u>, 896 F.2d at 1174, we note that this position is contrary to the great weight of authority discussed hereafter in this decision.

responsibility for administering FECA, stating that he had reviewed the Gills' complaint and had concluded, assuming that all factual statements in the complaint were true, that there was "a significant possibility of coverage under the FECA for an emotional condition sustained by . . . Gill allegedly related to actions of the Department of the Navy . . . with respect to his position . . . during the period February 2002 through January 2003." The Deputy Director cited numerous decisions by the Employees' Compensation Appeals Board to explain how he arrived at his conclusion.

On the second point, the federal courts do not have FTCA jurisdiction over plaintiffs' emotional distress claims because it is not certain the Secretary would find that FECA denies coverage for such claims. Indeed, the Gills concede that the Secretary of Labor has construed FECA to encompass work-related emotional distress, without regard to physical injury. See, e.g., In re Harris, 42 Empl. Comp. App. Bd. 923, 928 (1991); In re Cutler, 28 Empl. Comp. App. Bd. 125, 129-30 (1976); see also Spinelli v. Goss, 446 F.3d 159, 160-61 (D.C. Cir. 2006) (stating that the Secretary's decision that FECA covered plaintiff's emotional and psychological injuries "settles the matter," and holding that dismissal was appropriate); Bennett v. Barnett, 210 F.3d 272, 277 (5th Cir. 2000) (noting that the Secretary took the position that plaintiff's emotional distress claim was covered by FECA, and holding that the district court did not have jurisdiction to decide FTCA claim for

the same injury); Farley v. United States, 162 F.3d 613, 616 (10th Cir. 1998) (concluding that there was a substantial question of compensability under FECA based on the recognition that the Secretary has in some instances found FECA coverage for emotional distress claims); McDaniel v. United States, 970 F.2d 194, 195, 197 (6th Cir. 1992) (acknowledging the Secretary's determination that FECA covered plaintiff's "disabling emotional condition," and affirming dismissal of FTCA action for lack of jurisdiction).

We affirm the district court's dismissal of plaintiffs' FTCA action for lack of subject matter jurisdiction. Costs are awarded to the United States.