# United States Court of Appeals
## For the First Circuit

No. 10-2431

LUIS JAVIER VILLANUEVA,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Torruella, Stahl, and Thompson, Circuit Judges.

Juan José Nolla-Acosta on brief for appellant.
Héctor E. Ramírez-Carbo, Assistant United States Attorney,
with whom Rosa Emilia Rodríguez-Vélez, United States Attorney,
Nelson Pérez-Sosa, Assistant United States Attorney, Chief,
Appellate Division, and Luke Cass, Assistant United States
Attorney, were on brief, for appellee.

November 30, 2011

**Per Curiam**.    Former federal employee Luis Javier Villanueva ("Villanueva") appeals the dismissal of his lawsuit against the United States.  Finding that this appeal lacks merit, we summarily affirm.

Villanueva was employed as a custodial worker at a Coast Guard Air Station in Puerto Rico for four and one half years before being fired for allegedly pilfering various items.  Claiming that the firing and the procedures employed during the firing were improper, Villanueva filed suit.  More specifically, he alleged constitutional violations and negligence, and claimed jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.  The only defendant Villanueva named was the United States.

The United States moved to dismiss the complaint for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  The government argued that there was no jurisdiction under the FTCA because its limited waiver of sovereign immunity is not applicable to constitutional tort claims.  It further claimed jurisdiction was lacking under the APA because Nonappropriated Fund employees like Villanueva cannot proceed under the APA.  Villanueva filed an opposition to the motion to dismiss, offering no counter argument as to the FTCA or APA's applicability, and instead requesting that he be allowed to amend the complaint to name his former supervisors

as defendants and to include a <u>Bivens</u> action.  <u>See</u> <u>Bivens</u> v. <u>Six</u> <u>Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Villanueva offered no grounds to support his request for amendment, nor did he proffer a proposed amended complaint.  The district court denied the request to amend and granted the motion to dismiss.  Villanueva filed a motion seeking reconsideration of the request to amend, which the court also denied.  This appeal followed.  In it, Villanueva argues that all three rulings - dismissal of the complaint, denial of the request to amend, and denial of the motion to reconsider - were erroneous.  We consider each in turn.

We review de novo a district court's ultimate legal conclusion on a motion to dismiss for lack of jurisdiction.  <u>Gill</u> v. <u>United States</u>, 471 F.3d 204, 205 (1st Cir. 2006).  As Villanueva has abandoned his position that jurisdiction is proper under the APA by entirely failing to brief the issue on appeal, that argument is waived, <u>see</u> <u>United States</u> v. <u>Marsh</u>, 561 F.3d 81, 83 n.4 (1st Cir. 2009), and we only consider whether jurisdiction exists under the FTCA.[1]

Absent a waiver, sovereign immunity (which is jurisdictional in nature) shields the United States from suit.  <u>See</u>

---

[1]  Additionally, in a proposed amended complaint, which Villanueva attached to his motion for reconsideration, he removed the language from the original complaint that claimed jurisdiction under the APA.  Only a claim under the FTCA remained.

Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). The FTCA provides a limited congressional waiver of sovereign immunity for certain torts committed by federal employees acting in the scope of their employment. Santoni v. Potter, 369 F.3d 594, 602 (1st Cir. 2004). One requirement of the FTCA is that circumstances must be present whereby "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). This requirement is fatal to Villanueva's position.

The Supreme Court has consistently held that "law of the place" means law of the state - making state law the source of substantive liability under the FTCA. Meyer, 510 U.S. at 478. Since federal and not state law provides the basis for liability in a constitutional claim (such as Villanueva's), constitutional tort claims are not cognizable under the FTCA. Id. As explicitly stated by the Supreme Court, "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." Id. The result is clear - the FTCA does not provide jurisdiction over Villanueva's suit.[2] The district court did not err in dismissing the complaint. We proceed to the request to amend.

---

[2] Villanueva makes a bald assertion that the Constitution and federal common law provide jurisdiction for his suit. This argument is untenable. As noted, sovereign immunity bars the United States from suit absent waiver. Villanueva points to no source of waiver other than the inapplicable FTCA.

We review a district court's denial of a request for leave to amend a complaint for abuse of discretion. Chiang v. Skeirik, 582 F.3d 238, 243 (1st Cir. 2009). We defer to the court's denial if any adequate reason for the decision is apparent on the record. Id. "Grounds for denial include 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment.'" ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 56 (1st Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here the district court found that amendment of the complaint would be tantamount to restarting the proceedings, complete with new defendants (Villanueva's supervisors) and an entirely new cause of action (the Bivens claim). The court found that Villanueva had waited too long to alter the nature of the proceedings so drastically. We agree.

This is not a case of new allegations coming to light following discovery, or of previously unearthed evidence surfacing. Rather Villanueva was well aware of the facts underlying his claim and the involvement of his former supervisors before he filed suit. See Palmer v. Champion Mortg., 465 F.3d 24, 31 (1st Cir. 2006). He has offered no justification for his delayed attempt to bring them on board. Nor can we discern one. Therefore, while the four month period between the filing of the complaint and the request to amend

-5-

may not on its face seem particularly long, we think it is under the circumstances at hand. See, e.g., Kay v. N.H. Democratic Party, 821 F.2d 31, 34-35 (1st Cir. 1987) (per curiam) (finding undue delay when plaintiff offered no justification for waiting three months after new information came to light to seek to amend his complaint).

Furthermore, amendment of the complaint would have been unduly prejudicial to the United States. While Villanueva wanted to add a Bivens action and to include his former supervisors as named defendants, he also sought to maintain the United States as a defendant. The Bivens doctrine allows a plaintiff to pursue constitutional claims against federal officials in their individual capacities. See Chiang, 582 F.3d at 243; see also McCloskey v. Mueller, 446 F.3d 262, 271 (1st Cir. 2006). It does not override sovereign immunity so as to permit suits against the United States. Chiang, 582 F.3d at 243; McCloskey, 446 F.3d at 272. Thus, even if the district court had granted the motion to amend, the court still would not have had subject matter jurisdiction over the United States, and one can hardly claim that having to defend that action would not have been unduly prejudicial to the United States. The district court did not abuse its discretion in denying the motion to amend. We turn to the motion for reconsideration.

We review the denial of a motion for reconsideration for abuse of discretion. United States v. Allen, 573 F.3d 42, 53 (1st

Cir. 2009).  Reconsideration may be proper where the movant shows a manifest error of law or newly discovered evidence, or where the district court has misunderstood a party or made an error of apprehension.  See Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008).  Motions for reconsideration are not to be used as a vehicle for a party to advance arguments that could and should have been presented to the district court prior to its original ruling.  See Allen, 573 F.3d at 53.

Villanueva's motion falls short.  He did not demonstrate an error of law, the existence of new evidence, or that the district court misapprehended the original request to amend. Instead, Villanueva simply reiterated his request and then advanced various arguments as to why amendment was appropriate.  These arguments could and should have been presented in his original request (which, as noted above, was devoid of any rationale).  The district court did not abuse its discretion.

For these reasons, we summarily affirm.  See 1st Cir. R. 27.0(c).