NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-southern judicial district
No. 2014-540

DAVID ELDRIDGE

v.

THE ROLLING GREEN AT WHIP-POOR-WILL CONDOMINIUM OWNERS' ASSOCIATION

Argued: April 22, 2015
Opinion Issued: August 7, 2015

Douglas, Leonard & Garvey, P.C., of Concord (Benjamin T. King on the brief and orally), for the plaintiff.

Cronin, Bisson & Zalinsky, P.C., of Manchester (Mark E. Connelly and Daniel D. Muller, Jr. on the brief, and Mr. Muller orally), for the defendant.

LYNN, J. The plaintiff, David Eldridge, appeals an order of the Superior Court (Temple, J.) granting summary judgment for the defendant, the Rolling Green at Whip-Poor-Will Condominium Owners' Association (COA), on his complaint alleging housing discrimination based upon his disability. The defendant cross-appeals an order of the Superior Court (Nicolosi, J.) denying its motion to dismiss. We affirm.

The following facts are supported by the record. The plaintiff is a resident and condominium owner at the Whip-Poor-Will Condominium Complex (condominium complex) in Hudson. The condominium complex is governed by two different entities: the COA and the Rolling Green at Whip-Poor-Will Townhouse Owners' Association (TOA). Each association has separate and distinct legal obligations as set forth in the Condominium Declaration (Declaration).

The plaintiff has several disabling impairments that impact his mobility. In 2006, he complained to Tracy Madden, a supervisor at the condominium's property management company, regarding a twenty-two foot walkway in front of his unit. He claimed that the walkway was uneven and "sinking" and, due to his disability, was difficult to traverse. On July 15, 2009, Madden told the plaintiff that the walkway would be repaired. However, by letter dated September 23, 2009, Madden notified the plaintiff that "the Board of Directors [of the COA] will include your walkway on a list for scheduling repairs when the funds become available." In response, on September 28, 2009, the plaintiff reiterated his complaint in a letter, writing, "I am permanently handicapped and need the walkway repaired so I do not break my neck or back again."

When the walkway had not been repaired as he requested, the plaintiff, on June 3, 2010, filed a charge of discrimination against the COA with the New Hampshire Human Rights Commission (HRC). Shortly thereafter, the COA repaired the plaintiff's walkway. The HRC, which continued to investigate the matter despite the repair, determined that there was probable cause to support a finding of discrimination and notified the COA that it had scheduled a public hearing on the complaint for June 6, 2013. The COA subsequently removed the case to superior court and filed a motion to dismiss on numerous grounds. As relevant to this appeal, the COA argued that the plaintiff's discrimination complaint should be dismissed because the HRC had not commenced proceedings within twenty-four months after the filing of the charge of discrimination, as required by RSA 354-A:21, IV (2009). The Superior Court (Nicolosi, J.) denied the COA's motion to dismiss, concluding that the twenty-four month limit specified in the statute is not jurisdictional.

On February 7, 2014, the COA filed a motion for summary judgment, asserting that: (1) the case was moot because the walkway had been repaired; (2) the COA was not an entity covered by the Human Rights Act; (3) the plaintiff's claim was time-barred; (4) there was no dispute that the COA had accommodated the plaintiff; and (5) the COA had no legal obligation or authority to replace the walkway because it was located in a Townhouse Limited Common Area. On April 23, 2014, prior to the court's ruling on the summary judgment motion, the plaintiff deposed Madden. The plaintiff did not, however, move to supplement his objection to the COA's summary judgment motion based upon that deposition prior to the court's ruling on the motion.

The Superior Court (Temple, J.) granted the COA's motion for summary judgment on the ground that, under the plain language of the Declaration, the COA lacked authority over the plaintiff's walkway and, as such, the plaintiff had pursued the wrong party in seeking an accommodation. The plaintiff filed a motion for reconsideration in which he asserted, for the first time, that because the COA had arranged for the walkway to be repaired, it thus had authority to repair the walkway. The plaintiff also sought to introduce Madden's deposition transcript and related exhibits to demonstrate that the COA had arranged for the repair of the walkway. The court denied the plaintiff's motion, reaffirming its determination that the plain language of the Declaration provided that the TOA, not the COA, had sole control over the walkway. It refused to consider both the plaintiff's theory regarding the COA's "assumed" authority over the walkway — because it was raised for the first time in the motion for reconsideration — and the "new evidence" in support thereof. This appeal and cross-appeal followed.

On appeal, the plaintiff argues that the Superior Court (Temple, J.) erred by: (1) failing to consider the new evidence included in his motion for reconsideration because, in this case, such a decision was untenable or unreasonable to the prejudice of his case; (2) failing to consider his new evidence where such evidence mandated the denial of summary judgment; and (3) unreasonably limiting discovery by refusing to consider evidence obtained during the pretrial discovery period. The COA contests each of the plaintiff's arguments and also argues, in the alternative, that we should affirm the court's grant of summary judgment on the ground that the plaintiff's complaint was not timely filed with the HRC under RSA 354-A:21, III (2009). In addition, in its cross-appeal, the COA contends that the Superior Court (Nicolosi, J.) erred in denying its motion to dismiss the complaint under RSA 354-A:21, IV. In his reply brief, the plaintiff asserts, among other things, that his complaint was timely under RSA 354-A:21, III because the continuing violation doctrine, which would extend the 180-day limitations period, applies to this case. Because we agree with the COA that the complaint was untimely under RSA 354-A:21, III, we need not address the parties' other arguments.

"We review de novo the trial court's application of the law to the facts in its summary judgment ruling." EnergyNorth Natural Gas v. City of Concord, 164 N.H. 14, 15 (2012) (quotation omitted). "We consider all of the evidence presented in the record, and all inferences properly drawn therefrom, in the light most favorable to the non-moving party." Id. at 15-16. "If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment." Id. at 16 (quotation omitted).

The COA argues that, although the court granted summary judgment on the ground that the plaintiff had sued the wrong party, we may affirm the court's judgment upon the alternative ground that the plaintiff's claim was

3

time-barred because he did not file his complaint within 180 days of the discriminatory act, as required by RSA 354-A:21, III.  Consideration of this issue requires statutory interpretation.  "We are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole." Lamprey v. Britton Constr., 163 N.H. 252, 256 (2012).  "We first examine the language of the statute, and, when possible, we ascribe the plain and ordinary meanings to the words used." Id.

RSA chapter 354-A, known as the "Law Against Discrimination," establishes and governs the proceedings of the HRC.  RSA ch. 354-A (2009 & Supp. 2014).  This law, "deemed an exercise of the police power of the state for the protection of the public welfare, health and peace of the people of this state," empowers the HRC "to eliminate and prevent discrimination" in the state.  RSA 354-A:1.  As relevant here, the HRC is charged with addressing discrimination "in housing accommodations because of . . . physical or mental disability." Id.

RSA 354-A:21 (2009) states, in pertinent part:

I. (a)  Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing which shall state the name and address of the person, employer, labor organization, employment agency or public accommodation alleged to have committed the unlawful discriminatory practice complained of and which shall set forth the particulars thereof and contain such other information as may be required by the commission . . . .

. . . .

III.  Any complaint filed pursuant to this section by an aggrieved person must be filed within 180 days after the alleged act of discrimination.

The plain language of RSA 354-A:21, III requires that an aggrieved person file a discrimination complaint with the HRC within 180 days of the alleged discriminatory act, and neither party contends otherwise.  The COA argues that the plaintiff failed to comply with this statutory requirement because more than 180 days passed between the "alleged act of discrimination" — the September 23, 2009 COA Board letter denying the plaintiff's request to fix his walkway — and the plaintiff's filing of the complaint with the HRC on June 3, 2010.  We agree.

4

The plaintiff's complaint alleges that, about four years prior to April 2010[*], he requested that his walkway be repaired. He states that, "[i]n spite of [the COA's] promises, two other walkways were repaired in the fall of 2009. I received a letter from Madden on September 23, 2009, that my walkway would not be included on the list of walkways to be repaired until funds became available." When "it was apparent that the Association was not going to take action to repair the walkway," he notified the HRC about the situation. The plaintiff's walkway was repaired on June 22, 2010, a few weeks after he filed his complaint with the HRC.

Viewing the record in the light most favorable to the plaintiff, we agree with the COA that the most liberal reading of his complaint asserts that the alleged act of discrimination occurred no later than September 23, 2009, the date of the letter denying his request to repair his walkway. Thus, 254 days passed between the alleged discriminatory act and the filing of the discrimination complaint on June 3, 2010, a time period that exceeds the 180-day limitations period established by RSA 354-A:21, III.

The plaintiff seeks to avoid application of the limitations period by arguing that the COA's conduct constitutes a continuing violation of RSA chapter 354-A. He argues that the COA's "discriminatory failure to repair the walkway leading into [his] home impacted [him] throughout the 180-day period leading up to the filing of the Charge of Discrimination — during which time his walkway remained in disrepair." Assuming without deciding that the continuing violation doctrine can apply to a complaint filed under RSA chapter 354-A, we conclude that the doctrine does not apply to the plaintiff's complaint.

Generally, a plaintiff "cannot litigate claims based on conduct falling outside of th[e] limitations period." Seery v. Biogen, Inc., 195 F. Supp. 2d 347, 351 (D. Mass. 2002) (quotation and brackets omitted). However, the continuing violation doctrine is a "narrow exception" to the 180-day statute of limitations. See Ayala v. Shinseki, 780 F.3d 52, 57 (1st Cir. 2015). "Under the 'continuing violation' doctrine a plaintiff may obtain recovery for discriminatory acts that otherwise would be time-barred so long as a related act fell within the limitations period." Id. (quotation omitted). "However, this doctrine does not apply to 'discrete acts' of alleged discrimination that occur on a 'particular day.'" Id. Instead, the doctrine "applies only to claims that cannot be said to occur on a particular day and that by their very nature require repeated conduct to establish an actionable claim." Id. In essence, then, the doctrine

---

[*] Although the HRC discrimination complaint indicates that the plaintiff signed the complaint on April 14, 2010, the trial court, in its order, stated that the complaint was filed with the HRC on June 3, 2010. Therefore, we use the June 2010 filing date when discussing the plaintiff's statute of limitations argument. We note that, even were we to use the earlier April date, the plaintiff's complaint would still be untimely pursuant to RSA 354-A:21, III.

"simply allows suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought." Id. (quotation and brackets omitted). "To state such a continuing violation, however, a complaint must indicate that not only the injury, but the discrimination, is in fact ongoing." Brown v. Town of Allenstown, 648 F. Supp. 831, 835 (D.N.H. 1986) (quotation omitted); see also Singer Asset Finance Co. v. Wyner, 156 N.H. 468, 478 (2007) (stating that, under the "continuing wrong doctrine" exception to the statute of limitations in tort cases, "a claim based on a single tort ordinarily accrues when the tort is completed, and the continuing accrual of injury or damages does not extend the accrual date" (quotation and brackets omitted)).

The plaintiff argues that every day during which the walkway remained in disrepair after the September 23, 2009 letter "had an impact on him" and, thus, the continuing violation doctrine applies. We disagree. The COA's letter stating that it would not repair the walkway was a discrete act that occurred on a particular day. See Ayala, 780 F.3d at 57 (noting that "the denial of a reasonable accommodation" constitutes a discrete act for purposes of the continuing violation analysis). Here, the fact that the plaintiff continued to feel the ill effects of the unrepaired walkway did not convert this discrete alleged act of discrimination into a continuing violation. See National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1166 (4th Cir. 1991) ("A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." (quotation omitted)). Thus, we conclude that the COA's failure to repair the walkway for each day after it sent the letter did not constitute further, and related, discriminatory acts for purposes of extending the limitations period.

Accordingly, because the plaintiff's complaint was untimely under RSA 354-A:21, III, we affirm the trial court's grant of summary judgment for the COA on this alternative ground. Cf. State v. Dion, 164 N.H. 544, 552 (2013).

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, and BASSETT, JJ., concurred.

6