GARCIA-GREGORY, D.J.
On April 11, 2018, Mr. Pedro Ruiz-Lugo ("Plaintiff")[1] filed this civil rights action under 42 U.S.C. § 1983 against his employer, the Municipality of San Juan ("MSJ"),[2] alleging "political discrimination, constructive dismissal, and deprivation of his property and rights," in violation of the First and Fourteenth Amendments to the U.S. Constitution. Docket No. 1. For purposes of this Memorandum and Order, Plaintiff's claims are best described as a set of three (3) specific acts: (i) that the MSJ eliminated some of Plaintiff's workplace duties on April 23, 2014 (at the latest);[3] (ii) that an MSJ official gave Plaintiff *175 a negative performance evaluation in November 2016 to deprive him of a salary increase; and (iii) that, for the "last two years" (presumably, since April 11, 2016), Plaintiff's desk has been placed in a hallway and "little to no work at all has been assigned to him." Id. at 4-11. During each of these acts, Plaintiff charges, the PPD-controlled MSJ was discriminating against him for his affiliation with the rival NPP. Id. at 1-4.
The MSJ now moves to dismiss Plaintiff's suit under Fed. R. Civ. P. 12(b)(6), contending (in relevant part) that his federal claims are time-barred by the one-year statute of limitations applicable to Section 1983 actions in Puerto Rico. Docket No. 27 at 6-8; see also Ayala-Sepúlveda v. Municipality of San Germán , 727 F.Supp.2d 67, 72-73 (D.P.R. 2010) ("A claim under [ Section] 1983 borrows its limitations period from state law and, therefore, carries a one-year statute of limitations in Puerto Rico."). In short, the MSJ argues that Plaintiff's Complaint is devoid of "a single independent event" occurring within this limitations period-that is, on or after April 11, 2017, a year before he filed the Complaint. Docket No. 48 at 7; see also Blackstone Realty LLC v. FDIC , 244 F.3d 193, 197 (1st Cir. 2001) (holding that a statute of limitations defense may be raised at this stage where, as here, "the facts establishing the defense [are] clear on the face of [the] pleadings.") (internal citation and quotation marks omitted). Plaintiff responds that, because the effects of these actions have lasted until today, the MSJ's conduct constitutes "a continuing violation amounting to a single wrong occurring within the limitations period." Docket No. 31 at 6-10. After carefully reviewing the applicable law and the Parties' respective positions, the Court sides with the MSJ and concludes that the applicable one-year statute of limitations time-bars Plaintiff's federal claims under Section 1983.
Under the "continuing violation" doctrine, Plaintiff surely could "incorporate allegations that would ordinarily be time-barred if they are part of the same unlawful employment practice and at least one act falls within the [applicable limitations] period." Ayala-Sepúlveda , 727 F.Supp.2d at 72-73 (D.P.R. 2010) (internal citations and quotation marks omitted). This doctrine, however, does not apply to "discrete" acts that are "instantaneously actionable"-including, as in this case, (i) a failure to assign work to an employee; (ii) a negative performance evaluation; and (iii) a transfer to another work area. Ayala v. Shinseki , 780 F.3d 52, 57 (1st Cir. 2015). Rather, the one-year statute of limitations for these discrete acts (and, by extension, Plaintiff's Section 1983 claims) begins to run upon their initial occurrence, even if Plaintiff continues to feel the effect of such adverse employment actions for as long as he remains employed with the MSJ. See Gorelik v. Costin , 605 F.3d 118, 122 (1st Cir. 2010) (" Section 1983 claims generally accrue when the plaintiff knows, or has reason to know of the injury on which the action is based, and a plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt.") (quoting Morán-Vega v. Cruz Burgos , 537 F.3d 14, 20 (1st Cir. 2008) ).
Here, each of the MSJ's alleged actions-stripping Plaintiff of his duties, issuing a negative performance evaluation, failing to assign him work, and placing his *176 desk in a hallway-constitutes a "discrete" act. Ayala , 780 F.3d at 56-57 ; see also Malone v. Lockheed Martin , 610 F.3d 16, 20-22 (1st Cir. 2010) (refusing to apply the continuing violation doctrine to plaintiff's claims that he "received a series of escalating reprimands, deteriorating performance reviews, and eventually a demotion" because these acts were discrete); Rivera v. P.R. Aqueduct & Sewers Auth. , 331 F.3d 183, 186-89 (1st Cir. 2003) (holding that moving plaintiff to a smaller office and transferring her to a supervisor who did not assign plaintiff any work constitute discrete acts). And, by Plaintiff's own admission, the last of these "discrete" acts-failing to assign him any work and placing his desk on a hallway-occurred on April 11, 2016 at the latest. Docket No. 1 at 4-11. As a result, the MSJ's alleged unconstitutional conduct burgeoned into an actionable injury (one last time) at least two (2) years before Plaintiff filed his Complaint on April 11, 2018. Gorelik , 605 F.3d at 121-22. Under such circumstances, all federal claims asserted in Plaintiff's Complaint under Section 1983 are time-barred by the applicable one-year statute of limitations.
Moreover, even if this Court instead considered these acts to be a pattern of political discrimination that continued up until the filing of the Complaint on April 11, 2018, the continuing violation doctrine "is only available where a plaintiff was unaware of the discriminatory nature of otherwise time-barred conduct at the [moment] that it occurred." Dávila-Feliciano v. P.R. State Ins. Fund Corp. , 754 F.Supp.2d 351, 365 (D.P.R. 2010). The Complaint, on the other hand, shows Plaintiff considered each of the alleged acts to be discriminatory at the outset; indeed, he filed suit describing the MSJ's entire conduct as a form of political discrimination. Docket No. 1 at 1, 4-11. Consequently, Plaintiff may not even rely on the continuing violation doctrine to save his Complaint from dismissal. After all, the doctrine "does not allow [him] to avoid filing suit so long as [the MSJ] continues to violate [his] rights." Gorelik , 605 F.3d at 122 (clarifying that the doctrine is instead designed "to allow [a] suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought.") (internal citations and quotation marks omitted).
In sum, the MSJ's purported unconstitutional conduct is entirely comprised of discrete acts, neither of which occurred within the applicable one-year limitations period-i.e. , on or after April 11, 2017. On the contrary, Plaintiff alleges that the last of these discrete acts blossomed into an actionable injury on April 11, 2016, at least two (2) years before Plaintiff filed the Complaint on April 11, 2018. Docket No. 1 at 4-11. For these reasons, Plaintiff's federal claims under 28 U.S.C. § 1983 are hereby DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6).
Finally, since none of the federal claims in this action survives the MSJ's Motion to Dismiss, the Court exercises its discretion to decline supplemental jurisdiction over Plaintiff's cause of action under local Law 115. See Camelio v. Am. Fed'n , 137 F.3d 666, 672 (1st Cir. 1998) (holding that "the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation."). As such, Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).
IT IS SO ORDERED.

The Complaint also includes Mr. Ruiz-Lugo's wife and their conjugal partnership as named plaintiffs. Docket No. 1 at 2. Both are mentioned in the "Parties" section of the Complaint but there are no specific allegations suggesting the unconstitutional conduct was directed against the spouse or the couple (other than they "suffered damages" as well). Docket No. 1 at 2, 11-13. The Court accordingly dismisses their claims for lack of standing. Vázquez-Velázquez v. P.R. Highway and Transp. Auth. , No. 15-cv-1727, 2016 WL 183653, at *4 (D.P.R. Jan. 14, 2016) ; Feliciano v. Rivera-Sánchez , No. 11-cv-1672, 2012 WL 4471644, at *2-3 (D.P.R. Sep. 26, 2012).

Since the filing of the Complaint, the Court has dismissed without prejudice Plaintiff's claims against two other named defendants-specifically, the MSJ's Mayor, Ms. Carmen Yulín Cruz, and one of its department directors, Ms. Sara Benítez. See Docket Nos. 20; 21; 43; 44. Plaintiff has also moved for leave to serve Ms. Yadira Molina, a third municipal officer, by publication. Docket No. 36. The motion remains outstanding on the docket, so Ms. Molina is not a named defendant yet. See Fed. R. Civ. P. 12(b)(5). At any rate, this Memorandum & Order renders Plaintiff's request moot.

The Court acknowledges that the MSJ allegedly began depriving Plaintiff of his duties back in January 2013. Docket No. 1 at 4-5. Plaintiff further contends that this conduct continued throughout 2015 and 2016, but nevertheless fails to provide factual allegations to support this threadbare claim (e.g. , dates, descriptions of events). Id. at 8-11.