# United States Court of Appeals
## For the First Circuit

No. 12-1874

VADIM NIKITINE,

Plaintiff, Appellant,

v.

WILMINGTON TRUST CO.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Lipez, Circuit Judges.

Francis T. Pagán-Martínez, with whom Rafael González Vélez and González Vélez Law Office were on brief, for appellant.
Stephen E. Hudson, with whom Eduardo A. Zayas-Marxuach, McConnell Valdés LLC, and Kilpatrick Townsend & Stockton LLP were on brief, for appellee Wilmington Trust Co.

May 8, 2013

**SELYA, Circuit Judge.** This appeal is largely controlled by our recent decision in <u>Calderón-Serra</u> v. <u>Wilmington Trust Co.</u>, ___ F.3d ___ (1st Cir. Apr. 22, 2013) [No. 11-2449]. The plaintiffs in the two cases are similarly situated; they are represented by the same attorneys; they assert materially identical claims; and they sued the same defendants: Banco Popular de Puerto Rico (BPPR) and Wilmington Trust Co. (WTC).[1]

We explained fully in <u>Calderón-Serra</u> why the complaint there failed to make out a claim cognizable under federal subject matter jurisdiction, <u>see</u> <u>Calderón-Serra</u>, ___ F.3d at ___ [slip op. at 4-10], and it would serve no useful purpose to repastinate that well-plowed soil. Consequently, we affirm the dismissal of the plaintiff's complaint in this case for substantially the reasons elucidated in our earlier opinion.

That ruling, however, does not fully dispose of the present appeal. We still must deal with the plaintiff's contention that the district court abused its discretion in refusing to permit him to file an amended complaint asserting a new theory of liability. This contention is case-specific and, thus, merits particularized attention.[2]

---

[1] During the pendency of this appeal, the plaintiff voluntarily dismissed BPPR as a defendant. <u>See</u> Fed. R. App. P. 42(b).

[2] WTC insists that the plaintiff has waived this claim of error because the notice of appeal omits any reference to the district court's separate order denying leave to amend. <u>See</u> Fed. R. App. P. 3(c)(1)(B). But this rule is not absolute, <u>see</u> <u>e.g.</u>,

We review a district court's denial of leave to amend for abuse of discretion. See Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006); Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001). In that pursuit, we "defer to the district court's hands-on judgment so long as the record evinces an adequate reason for the denial." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006); see Hatch, 274 F.3d at 19.

We recognize that leave to amend should be "freely give[n]" in instances in which "justice so requires." Fed. R. Civ. P. 15(a)(2). But this "does not mean . . . that a trial court must mindlessly grant every request for leave to amend." Aponte-Torres, 445 F.3d at 58; see Palmer, 465 F.3d at 30. Rather, a district court may deny leave to amend when the request is characterized by "undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part." Palmer, 465 F.3d at 30.

In Calderón-Serra, a different district judge, in somewhat different circumstances, also denied a motion for leave to file an amended complaint, and we upheld that order. Calderón-Serra, ___ F.3d at ___ [slip op. at 11-12]. But whereas in Calderón-Serra the district court refused leave to file a second amended complaint, the court in this case refused leave to file a

Fed. R. App. P. 2, 3(c)(4); Foman v. Davis, 371 U.S. 178, 181-82 (1962); Kotler v. Am. Tobacco Co., 981 F.2d 7, 10-11 (1st Cir. 1992), and we assume arguendo that we have jurisdiction to resolve this claim of error.

-3-

first amended complaint. The plaintiff claims that this distinction makes a difference.

A district court pondering whether to grant or deny a motion for leave to amend a complaint must consider the totality of the circumstances. See Palmer, 465 F.3d at 30-31. Whether the plaintiff, by rule or court order, had a prior opportunity to amend is one data point to be taken into account, see ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 56-57 (1st Cir. 2008), but that circumstance does not have a talismanic significance, see, e.g., Villanueva v. United States, 662 F.3d 124, 126-28 (1st Cir. 2011) (per curiam). Everything depends on context. We turn, then, to the pertinent timeline.

The litigation in Calderón-Serra was already pending when, on March 1, 2011, the plaintiff filed suit in this case. His complaint anticipated the first amended complaint in Calderón-Serra (which was filed later that month), and the substance of the two pleadings is identical. The defendants responded similarly in both cases. In Calderón-Serra, they moved to dismiss the first amended complaint for want of subject matter jurisdiction. Calderón-Serra, ___ F.3d at ___ [slip op. at 3]. In this case, they moved to dismiss the complaint on the same basis. The plaintiff opposed these motions.

While the fully briefed motions were under advisement in this case — almost nine months after the plaintiff's original complaint was filed, approximately six months after the motions to

-4-

dismiss were filed, and roughly six weeks after the order of dismissal in <u>Calderón-Serra</u> — the plaintiff moved for leave to file an amended complaint. The defendants opposed this motion. The district court denied the motion and, in a separate order, granted the defendants' motions to dismiss.

The court below denied leave to amend on two grounds: undue delay and bad faith. It found undue delay because the plaintiff had waited almost nine months to seek leave to amend and, even then, "offer[ed] absolutely no explanation for his need to file an amended complaint." As to bad faith, the court, citing the dismissal of the first amended complaint in <u>Calderón-Serra</u>, found that the plaintiff had "questionable" and "dilatory" motives for seeking leave to amend. In the court's view, the plaintiff was improperly maneuvering for a do-over. Because the first of these grounds suffices to support the district court's order, we do not comment further on the second.

We have said before, and today reaffirm, that when "a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." <u>Hayes</u> v. <u>New Eng. Millwork Distribs., Inc.</u>, 602 F.2d 15, 19-20 (1st Cir. 1979) (internal quotation marks omitted). Here, the plaintiff allowed nearly a year to elapse before seeking to amend his complaint and proffered no good reason for the delay.

Importantly, "[t]his is not a case of new allegations coming to light following discovery, or of previously unearthed evidence surfacing." Villanueva, 662 F.3d at 127. It is, rather, a case in which a court reasonably could have concluded — as the district court did — that the plaintiff was scrambling to devise "new theories of liability [] based on the same facts pled in his original complaint," Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir. 1983); see Hayes, 602 F.2d at 20 — theories that could and should have been put forward in a more timeous fashion. Without any explanation as to why these new theories were not seasonably advanced, the delay in formulating them looms large. We conclude, therefore, that the district court acted within the realm of its discretion in denying leave to amend. See, e.g., Villanueva, 662 F.3d at 127 (affirming finding of undue delay when four months had elapsed); Kay v. N.H. Dem. Party, 821 F.2d 31, 34 (1st Cir. 1987) (per curiam) (affirming finding of undue delay when three months had elapsed).

We need go no further. For the reasons explicated above, we affirm the judgment of the district court. This order operates without prejudice to the right, if any, of the plaintiff to pursue his claims against WTC in a local court.

**Affirmed.**