# United States Court of Appeals
## For the First Circuit

No. 16-1238

ELLEN MULDER,

Plaintiff, Appellant,

v.

KOHL'S DEPARTMENT STORES, INC.,

Defendant, Appellee.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor IV, U.S. District Judge]


Before

Torruella, Lynch, and Lipez, Circuit Judges.

S. James Boumil, with whom Boumil Law Offices, Konstantine W. Kyros, and Law Offices of Konstantine W. Kyros, were on brief, for appellant.
Lauri A. Mazzuchetti, with whom Michael C. Lynch, James B. Saylor, Kelly Drye & Warren LLP, and William T. Harrington, were on brief, for appellee.

July 26, 2017

**LIPEZ**, **Circuit Judge**. This appeal involves a putative class action lawsuit arising out of allegedly deceptive labeling and marketing of products by Kohl's Department Stores, Inc. Appellant Ellen Mulder purchased several items from a Kohl's store in Hingham, Massachusetts. The price tags on these items listed both purchase prices and significantly higher "comparison prices." Mulder alleges that these comparison prices are entirely fictional, and were selected by Kohl's to mislead unsuspecting consumers about the quality of its products. Feeling cheated by Kohl's allegedly deceitful pricing scheme, Mulder filed suit alleging that Kohl's had, in violation of Massachusetts statutory and common law, improperly obtained money from her and other Massachusetts consumers. She requested that a court order Kohl's to restore this money and enjoin Kohl's from continuing to violate Massachusetts law. The district court granted Kohl's motion to dismiss all of Mulder's claims. We affirm.

We faced identical claims against a different retailer in a related case, Shaulis v. Nordstrom, No. 15-2354, slip op. at 5-32 (1st Cir. July 26, 2017), also decided today. The reasoning of that opinion applies fully here. We provide the following background and analysis only to address Mulder's contentions regarding the district court's denial of her motion for leave to amend and to address a new "travel expenses" theory of injury proposed in an accompanying proposed second amended complaint.

- 2 -

## I. Background

The facts underlying this case are taken from the amended complaint and are presumed true for the purposes of this appeal. They are fully set forth in the opinion of the district court. See Mulder v. Kohl's Dept. Stores, Inc., 15-11377-FDS, 2016 WL 393215, at *1-3 (D. Mass. Feb. 1, 2016).

Defendant Kohl's Department Stores, Inc. is a Wisconsin-based corporation that operates department stores throughout the United States, including more than twenty stores in Massachusetts. Mulder purchased two items at one of these stores in 2014. The first item listed a "manufacturer's suggested retail price" of $55; the second displayed a "comparison price" of $26. The items were listed as being on sale for $29.99 and $17.99, respectively.

Mulder claims that these price tags were deceptive. According to Mulder, Kohl's "misrepresented the existence, nature, and amount of price discounts on [its] products" by falsely "purporting to offer specific dollar discounts from its own former retail prices . . . or manufacturer's suggested retail prices" when, in reality, the listed sale prices were "fabricated [and] inflated." In short, Mulder claims that the comparison prices listed on the price tags were "fictional amounts intentionally selected so that Kohl's could advertise phantom markdowns" and persuade customers to make purchases they otherwise would not make.

On November 20, 2014, Mulder filed suit in Massachusetts Superior Court. She filed an amended complaint on February 19, 2015. The amended complaint alleged claims for fraud, breach of contract, unjust enrichment, violations of the Code of Massachusetts Regulations and the Federal Trade Commission Act,[1] and violations of Mass. Gen. Laws ch. 93A ("Chapter 93A").

After Kohl's removed the case to federal court, it successfully moved to dismiss the action for failure to state a claim. The district court held that Mulder had failed to adequately plead a legally cognizable injury under Chapter 93A, and further denied her requests to certify several Chapter 93A questions to the Massachusetts Supreme Judicial Court ("SJC") and for leave to file a second amended complaint. The court also dismissed all of Mulder's common law claims.

On appeal, Mulder challenges dismissal of her Chapter 93A claim and her common law claims for fraud, breach of contract, and unjust enrichment. Our review is de novo. Carter's of New Bedford, Inc. v. Nike, Inc., 790 F.3d 289, 291 (1st Cir. 2015). As a federal court sitting in diversity, we apply the substantive law of Massachusetts, as articulated by the SJC. Sanders v. Phoenix Ins. Co., 843 F.3d 37, 47 (1st Cir. 2016).

---

[1] The district court dismissed Mulder's claim for violations of the Code of Massachusetts Regulations and the Federal Trade Commission Act on the ground that neither provides for a private cause of action. Mulder does not appeal this decision.

- 4 -

## II. Discussion

In dismissing all of Mulder's claims, the district court noted that this case involved allegations "substantially identical" to those made against another retailer in <u>Shaulis</u> v. <u>Nordstrom Inc.</u>, 120 F. Supp. 3d 40 (D. Mass. 2015), in which the plaintiff was also represented by Mulder's counsel.[2] <u>Mulder</u>, 2016 WL 393215, at *9 (D. Mass. Feb. 1, 2016). Plaintiffs appealed in both cases, and their appeals were joined for oral argument before this court. Discerning no relevant factual or legal distinctions between these two cases, and applying our opinion in <u>Shaulis</u> v. <u>Nordstrom</u>, we affirm the district court's dismissal of Mulder's Chapter 93A claim for damages and injunctive relief and her common law claims for fraud, breach of contract, and unjust enrichment for the reasons stated therein.[3] See <u>Shaulis</u>, slip op. at 5-32.

The only remaining issue is Mulder's challenge to the district court's denial of her motion for leave to file a second amended complaint. We review a district court's denial of a motion to amend for abuse of discretion. <u>Nikitine</u> v. <u>Wilmington Trust</u>

---

[2] On appeal, Kohl's emphasizes the similarity of this case with <u>Shaulis</u> by noting that portions of Mulder's complaint appear to have been copied directly from the complaint in that case.

[3] Mulder asks us to certify several questions concerning Chapter 93A to the SJC, which we may do if the questions are determinative of the pending cause of action and there is no controlling precedent. See Mass. S.J.C. R. 1:03; <u>Easthampton Sav. Bank</u> v. <u>City of Springfield</u>, 736 F.3d 46, 50 (1st Cir. 2013). We decline to do so for the reasons stated in <u>Shaulis</u>.

Co., 715 F.3d 388, 389 (1st Cir. 2013). In doing so, we "defer to the district court's hands-on judgment so long as the record evinces an adequate reason for the denial." Id. (quoting Aponte-Torres v. University of P.R., 445 F.3d 50, 58 (1st Cir. 2006)). Although Rule 15 proposes that leave to amend be "freely give[n]" in instances in which "justice so requires," Fed R. Civ. P. 15(a)(2), this "does not mean . . . that a trial court must mindlessly grant every request for leave to amend." Aponte-Torres, 445 F.3d at 58. Rather, "a district court may deny leave to amend when the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" Nikitine, 715 F.3d at 390 (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)); see also Foman v. Davis, 371 U.S. 178, 182 (1962). In sum, a request to amend requires the district court to "examine the totality of the circumstances and to exercise its informed discretion in constructing a balance of pertinent considerations." Palmer, 465 F.3d at 30-31.

Mulder sought leave to amend to add new allegations that she was "induced" to travel to a Kohl's store by false advertising and that she suffered a resulting economic injury in the form of travel expenses -- primarily, the cost of gasoline and depreciation of her vehicle -- incurred by driving ten miles from her home to a Kohl's store in Hingham, Massachusetts. The district court denied Mulder's motion to amend her complaint both because of undue

delay and because her proposed amendments to the complaint would have been futile.

We find no fault with the district court's denial of Mulder's motion for leave to amend on either ground. With respect to delay, as the court noted, Mulder did not file for leave to amend after Kohl's filed its motion to dismiss, and instead opposed the motion, filed a sur-reply, opposed the motion again at oral argument, and then filed a third memorandum in opposition to Kohl's motion. Moreover, Mulder admitted her motion was filed, at least in part, to rectify the deficiencies the district court identified with the theories of injury presented in Shaulis v. Nordstrom, which, as we noted, involved substantially identical allegations made by a plaintiff represented by Mulder's counsel. Thus, "[t]his is not a case of new allegations coming to light following discovery, or of previously unearthed evidence surfacing." Villanueva v. United States, 662 F.3d 124, 127 (1st Cir. 2011). Rather, the district court reasonably could have concluded that Mulder was scrambling to devise new theories of liability based on the same facts pled in her original complaint -- "theories that could and should have been put forward in a more timeous fashion." Nikitine, 715 F.3d at 391. Even on appeal, Mulder does not explain why her "travel expense" theory of injury was not advanced earlier. We therefore conclude that the district court acted within its expansive discretion in denying leave to amend. See id.; Calderón-

- 7 -

<u>Serra</u> v. <u>Wilmington Trust Co.</u>, 715 F.3d 14, 20 (1st Cir. 2013) ("Appreciable delay alone, in the absence of good reason for it, is enough to justify denying a motion for leave to amend.").

The district court likewise acted within its discretion by denying Mulder's motion for leave to amend as futile.[4]  As the district court noted here, and as we similarly noted in <u>Shaulis</u>, Mulder's "travel expenses" theory of injury suffers from a causation problem, as she "does not explain how a deceptive price tag could have caused her to travel to [Kohl's] in the first place."  <u>Shaulis</u>, slip op. at 25.

Mulder's belated attempt to resolve this causation problem -- by alleging that she was "deceived by Kohl's advertising in general," and that "but for the reputation that Kohl's developed as a result of its false advertising of 'amazing prices,'" she would not have traveled to Kohl's in the first place -- runs afoul of the particularity requirements of Federal Rule of Civil Procedure 9(b).  Rule 9(b)'s requirements apply to both general claims of fraud and also to "associated claims," such as Mulder's,

---

[4] Although we generally review a district court's denial of a motion to amend for abuse of discretion, "[w]ithin that standard, pure questions of law are reviewed de novo." <u>Platten</u> v. <u>HG Bermuda Exempted Ltd.</u>, 437 F.3d 118, 132 (1st Cir. 2006).  Here, because the district court also dismissed Mulder's motion as futile because the proposed second amended complaint still failed to state a claim "sufficient to survive a motion to dismiss, our review . . . is, for practical purposes, identical to review of a Rule 12(b)(6) dismissal based on the allegations in the amended complaint." <u>Id.</u>

"where the core allegations effectively charge fraud." North Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 15 (1st Cir. 2009); see also, Martin v. Mead Johnson Nutrition Co., No. 09-cv-11609-NMG, 2010 WL 3928707, at *3 (D. Mass. Sept. 30, 2010) ("A claim under Chapter 93A that involves fraud is subject to the heightened pleading requirement."). Here, Mulder's claim that she was "induced" to travel to Kohl's by its "advertising in general" and its "reputation" of "amazing prices" is too vague to satisfy Rule 9(b), which requires plaintiffs to specifically plead "the time, place, and content of an alleged false representation." See United States ex rel. Heineman-Guta v. Guidant Corp., 718 F.3d 28, 34 (1st Cir. 2013) (quoting United States ex rel. Rost v. Pfizer, Inc., 507 F.3d 720, 731 (1st Cir. 2007)). Hence, we agree with the district court that Mulder's claim falls well short of meeting Rule 9(b)'s requirements for allegations sounding in fraud.[5]

Mulder's "travel expenses" theory of injury is also fundamentally flawed in another way. In Shaulis, we rejected a plaintiff's "induced purchase" theory of injury -- a claim that she was "induced" to make a purchase by the false sense of value

---

[5] Furthermore, we also agree with the district court that advertising of "amazing prices" in most circumstances is non-actionable puffery because, standing alone, such advertisements do not make an explicit promise or guarantee. See Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1218 (1st Cir. 1996).

created by a retailer's allegedly deceptive "Compare At" price tags -- because it fell short of "alleging the 'identifiable' injury, distinct from the claimed deceptive conduct itself that the SJC requires for individual relief under Chapter 93A." Shaulis, slip op. at 17-18. In doing so, we emphasized that the SJC has moved away from recognizing "per se" or "deception-as-injury" theories of injury under Chapter 93A, and that, "absent allegations of real loss grounded in some objective measure, [an] 'induced purchase' theory of injury is simply the 'per se' theory of injury in new clothing." Id. at 24.

Mulder's "induced travel" theory of injury fares no better than the "induced purchase" theory. Mulder identifies no authority, and we are aware of none, ratifying this theory of injury under Chapter 93A. This is unsurprising. Such a theory, if recognized, would render meaningless the SJC's clear rule against "per se" or "deception-as-injury" claims. See Tyler v. Michaels Stores, Inc., 984 N.E.2d 737, 745-46 (Mass. 2013) (holding that a Chapter 93A plaintiff must have suffered a "separate, identifiable harm arising from the [regulatory] violation" that is distinct "from the claimed unfair or deceptive conduct itself"); Bellermann v. Fitchburg Gas and Elec. Light Co., 54 N.E.3d 1106, 1111 (Mass. 2016) (reaffirming Tyler); see also Shaulis, slip op. at 7-25. Indeed, the only court to have addressed a "travel expenses" theory of injury under a state's consumer protection

- 10 -

statutes rejected it for just this reason.  See Braynina v. TJX Cos., 15 CIV. 5897 (KPF), 2016 WL 5374134, at *11 (S.D.N.Y. Sept. 26, 2016).  As the court in Braynina explained, a

> customer whose claim is foreclosed by [the bar against "per se" theories of injury"] could easily circumvent that [rule] by latching onto the travel or other (often inevitable) collateral expenses that led to their purchase. Smartphone users who make deceptively induced purchases on a preferred retailer's website could likewise claim data usage costs involved in the transaction.  Indeed, actual purchases would no longer be necessary under Plaintiffs' proposed theory . . . because the travel expense injury would be completed, not upon a plaintiff's purchase of a good, but upon his or her mere visit to a store or website.  The Court declines to adopt so broad a theory.

Id. (emphasis added).  In light of the SJC's current Chapter 93A injury jurisprudence, we similarly decline to recognize a "travel expenses" theory of injury.  If the SJC wishes to carve out exceptions to its holdings in Tyler and Bellermann to allow for such claims, "it is for the SJC to identify and define them." Rule v. Ft. Dodge Animal Health, Inc., 607 F.3d 250, 255 (1st Cir. 2010).

        Affirmed.

- 11 -