**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3140
_____

LINDA LACEY,
                              Appellant

v.

CITY OF NEWARK; NEWARK PROSECUTORS OFFICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:18-cv-16757)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 17, 2020
Before:  JORDAN, BIBAS and PHIPPS, Circuit Judges

(Opinion filed: September 28, 2020)
_____

OPINION*
_____

PER CURIAM

        Linda Lacey, who is proceeding pro se, appeals from orders of the United States

District Court for the District of New Jersey sua sponte dismissing her complaint for

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

failure to state a claim, rejecting her amended complaint, and denying her motion for leave to file a second amended complaint. For the reasons set forth below, we will affirm the District Court's judgment.

In December 2018, Lacey filed a pro se complaint against the City of Newark and the City's Prosecutor's Office. She alleged that she was arrested at a court appearance on December 16, 2016, and incarcerated at the Essex County Correctional Facility for over three weeks. By order entered December 7, 2018, the District Court sua sponte dismissed the complaint, stating that Lacey "needs to specify her claims and the specific conduct of specific defendants. [She] cannot assert vague and broad claims." The District Court granted Lacey 30 days to file an amended complaint. Lacey successfully moved for several extensions of that time period.

On the last day of the extended filing deadline, June 19, 2019, Lacey filed an amended complaint, naming as defendants Newark Municipal Court Judge Marvin C. Adames and the City of Newark.[1] In the amended complaint, Lacey explained that she had been charged with a petty disorderly persons offense based on her landlord's allegation that she had damaged a door to her apartment. Lacey appeared before Judge Adames on December 16, 2016, for a scheduled conference on those charges. According

---

[1] Lacey also moved to reopen the case, as the District Court had instructed her to do in its order of December 7, 2018. But because Lacey filed her amended complaint within the extended time authorized by the District Court and before entry of a final adverse judgment, See Fed. R. Civ. P. 15(a)(2), she did not need to satisfy "the 'heavier burden' that applies to requests 'for reopening a case.'" Energy Conversion Devices Liquidation Trust v. Trina Solar Ltd., 833 F.3d 680, 691 (6th Cir. 2016) (citation omitted).

2

to Lacey, after concluding the hearing on the disorderly persons offense charges, Judge Adames "proceeded with the hearing on a matter[]—landlord and tenant issues, that was not before him." Lacey asserts that Judge Adames then wrongfully ordered her arrest for contempt, impermissibly had her detained for 23 days, and improperly sought to have her undergo a psychological examination while in custody. By order entered July 24, 2019, the District Court rejected Lacey's amended complaint, holding that Lacey's claims against judge Adames were barred by absolute judicial immunity and that her "claims against the City, which broadly allege only that it knew of and condoned [Judge] Adames' alleged wrongful behavior, are insufficient to support a claim entitling [her] to relief."

Lacey filed a "Motion for Reconsideration" on August 7, 2019, asking the District Court to allow her to file a second amended complaint, which she attached.[2] The District Court denied that motion, stating that it "fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its decision, or an error of fact or law that, if left uncorrected, would result in manifest injustice." Lacey appealed.

We have jurisdiction under 28 U.S.C. § 1291. Our review encompasses the order rejecting Lacey's amended complaint, as well as the order denying the motion for

---

[2] Although Lacey filed the motion for reconsideration pro se, the proposed second amended complaint was prepared by an attorney.

reconsideration.[3] See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 n.6 (3d Cir. 2007) (noting that, generally, a timely appeal from the denial of a timely motion for reconsideration brings up the underlying judgment for review). We exercise plenary review over the District Court's order of July 24, 2019, which effectively sua sponte dismissed Lacey's first amended complaint for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review for abuse of discretion the denial of a motion for reconsideration that seeks leave to file an amended complaint. Jang v. Boston Scientific Scimed, Inc., 729 F.3d 357, 368 (3d Cir. 2013).

With respect to the order rejecting Lacey's amended complaint for failure to state a claim, we conclude that the District Court properly held that Judge Adames was entitled to absolute judicial immunity.[4] Judicial immunity applies even if the judge's actions were "'in error, w[ere] done maliciously, or w[ere] in excess of [their] authority,'" unless the judge acted in clear absence of all jurisdiction. Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (quoting Azubuko v. Royal, 443 F.3d 302,

---

[3] We also have jurisdiction over the order of December 7, 2018, dismissing the original complaint. Lacey does not meaningfully challenge that determination on appeal, see Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (noting that issues not raised on appeal are deemed abandoned and waived), but, even if she had, we agree with the District Court that the original complaint failed to "specify her claims and the specific conduct of specific defendants."

[4] The District Court also properly held that Lacey's claims against the City of Newark failed to state a claim upon which relief may be granted. Those claims vaguely suggested only that the City knew of and condoned Judge Adames' behavior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (holding that "vague assertions" were insufficient to impose Monell liability and that "municipality cannot be held liable under § 1983 on a respondeat

4

303 (3d Cir. 2006)). In addition, we have held that a New Jersey Municipal Court judge, like Judge Adames here, had absolute judicial immunity for holding in contempt a party charged with a petty disorderly persons offense and jailing him without granting a stay as required by a court rule. See Figueroa v. Blackburn, 208 F.3d 435, 443-45 (3d Cir. 2000). Thus, to the extent that Judge Adames detained Lacey solely for contempt in connection with the petty disorderly persons offense, he was protected by absolute judicial immunity. See id. at 443-45; N.J.S.A. 2B:12-17 (specifying that municipal courts have jurisdiction over, among other things, petty disorderly persons offenses).

Lacey also appeared to allege that Judge Adames ordered her detained for a psychological evaluation in connection with a landlord/tenant dispute over which he lacked jurisdiction. According to Lacey, after Judge Adames "relieved the attorneys" who were representing her in the petty disorderly persons offense case, he turned his attention to a dispute between Lacey and her landlord "that was not before him." Am. Comp'l, ¶ 12. It was during that portion of the hearing that Judge Adames ordered Lacey arrested and detained for a psychological evaluation. Am. Comp'l, ¶ 12 & 13. But Judge Adames, who clearly had authority to preside over the petty disorderly persons offense, see N.J.S.A. 2B:12-17(c), is entitled to immunity even if he lacked jurisdiction over the landlord/tenant dispute. See Figueroa, 208 F.3d at 443-44 (explaining that, generally, "where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes") (citation and quotation omitted). In addition, judicial immunity

superior theory").

5

exists even though Judge Adames allegedly violated New Jersey statutes and rules by failing to inform Lacey of the contempt charges or make the requisite findings for involuntary commitment. See id. at 444-45 & n.9. Thus, the District Court correctly concluded that the amended complaint failed to state a claim against Judge Adames.

We further conclude that any error in the consideration of Lacey's Rule 59(e) motion was harmless. In that motion, which was filed in August 2019, Lacey sought to file a second amended complaint. See Fed. R. Civ. P. 15(a). A post-judgment motion to amend a complaint is properly construed as either a motion pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, depending upon when it was filed. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 230 (3d Cir. 2011). Because Lacey filed her motion for reconsideration within 28 days of the entry of the order rejecting her amended complaint, the District Court properly considered the reconsideration motion under Rule 59(e). Id. at 230 n.7. Generally, a motion for reconsideration under Rule 59(e) must rely on an intervening change in the relevant law, new evidence that was previously unavailable, or an error of fact or law that, if left uncorrected, would result in manifest injustice. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). But when a timely motion to amend the complaint is filed under Rule 59(e), "the Rule 15 and 59 inquiries turn on the same factors," and leave to amend must be assessed for "undue delay, bad faith, prejudice to the opposing party, or futility." Jang, 729 F.3d at 367-68 (citations omitted). Here, although the District Court did not specifically consider those factors, we nevertheless "conclude that the District Court's findings would

6

support denial of leave to amend under Rule 15(a)." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). In particular, Lacey's second amended complaint was filed over three and a half years after the incident giving rise to her claims, and over a year and a half after she first brought suit in federal court. See Nikitine v. Wilmington Trust Co., 715 F.3d 388, 391 (1st Cir. 2013) (affirming dismissal on undue delay grounds where "the plaintiff allowed nearly a year to elapse before seeking to amend his complaint and proffered no good reason for the delay"). And, we conclude, the second amended complaint was no more successful than Lacey's first amended complaint in making allegations that might overcome the judicial immunity that protects Judge Adames or, for that matter, in tying the judge's conduct to the City of Newark, see supra n.4.

For the foregoing reasons, we will affirm the District Court's judgment.